# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

MARGARET VANLOON  **PLAINTIFF**
VS.   CAUSE NO.: 25-84(KM)

WAL-MART STORES EAST, L.P.  **DEFENDANT**

FILED
MAY 0 1 2025
RANDY CARNEY, CLERK
BY_____ D.C.

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, Margaret VanLoon (hereinafter "Plaintiff"), by and through counsel of record, Lott Law Firm, and files this Complaint against Defendant, Wal-Mart Stores East, L.P. (hereinafter "Wal-Mart" and/or "Defendant"), and in support thereof, states as follows:

### I. Parties

1. Plaintiff, Margaret VanLoon, is an adult citizen of Jackson County, Mississippi, currently residing at 405 White Boulevard, Ocean Springs, Mississippi 39564.

2. Defendant, Wal-Mart Stores East, L.P. is a foreign corporation, incorporated under the laws of Delaware. The registered agent for this corporation is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Wal-Mart Stores East, L.P. owns and/or operates the Wal-Mart Supercenter located in Ocean Springs, Mississippi.

### II. Jurisdiction and Venue

3. Pursuant to Miss. Code Ann. § 9-7-81, et seq., jurisdiction is appropriate in the Circuit Court of Jackson County, Mississippi as this action is civil in nature and within the applicable limits of alleged damages.

4. Pursuant to Miss. Code Ann. § 11-11-3, venue is proper in the Circuit Court of

1

Jackson County, Mississippi as a substantial act or omission giving rise to the claims asserted below occurred in Jackson County, Mississippi.

### III. Factual Allegations

5. Plaintiff re-alleges and incorporate by reference the allegations of paragraphs 1 through 4 as though fully set forth herein.

6. On or about July 18, 2014, Plaintiff, Margaret VanLoon was shopping at the Wal-Mart Supercenter located in Ocean Springs, Mississippi. Ms. VanLoon went into the store for normal shopping and tripped over cases of water that were left in the aisle of the store. All entrances to the aisle were open and operational and there were no signs or barricades erected to restrict customer traffic or warn of dangers.

7. Ms. VanLoon's slip and fall is a direct result of Wal-Mart failing to clear the aisle of all obstacles, severely injuring herself with a neck, left shoulder, left wrist, and left arm injury which will require lifelong treatment.

8. Ms. VanLoon assumed that since the store was clearly open for business and employees had not put up warnings or barricades that they had cleared the area of any hazards.

9. After she fell, Ms. VanLoon immediately experienced severe and traumatic shoulder and arm pain and immediately sought treatment. She has continued to treat and has been told by her physicians that she will require lifelong care and treatment. She is slowly recovering from her injuries but will never be able to fully recover to her pre-injury condition. This injury has severely affected her day to day living and ability to perform tasks.

10. Wal-Mart employees were aware of the hazards and/or should have been aware of the hazard and failed to correct it.

11. Ms. VanLoon filed a claim and asked for video of her incident. Wal-Mart has failed to respond to her requests.

### IV. Count I
### Negligence

12. Defendant owed a duty to Ms. VanLoon to keep its premises in a reasonably safe condition and to warn of dangerous conditions which were not readily apparent. The condition was not readily apparent.

13. Wal-Mart either created or had actual and/or constructive knowledge of the dangerous condition which proximately caused Ms. VanLoon's injuries.

14. In not warning Ms. Barbee of the dangerous condition, Wal-Mart breached its duty to the Plaintiff.

15. As a result of the breach, Ms. Barbee suffered severe injuries which has or will result in medical intervention and therapy.

16. Therefore, Wal-Mart is liable for those damages proximately caused by the breach of its duty as a premise owner and/or operator.

### V. Damages

17. As a direct result of Defendant's negligence, Margaret VanLoon has incurred the following damages:

    A. Severe injuries to her neck, left shoulder, left arm, and left wrist;

    B. Medical expenses associated with her injuries;

    C. Mental anguish and emotional distress;

    D. Pain and suffering;

    E. Permanent disability;

Case: 30CI1:25-cv-00084-KM    Document #: 2    Filed: 05/01/2025    Page 4 of 4

    F.    Loss of enjoyment of life;

    G.    Future medical expenses:

    H.    Inability to perform home duties resulting in lost household services.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendant as outlined above in the amount not less than $500,000.00, in addition to reasonable attorney's fees, court costs, pre- and post-judgment interest, and expenses associated with commencement and prosecution of this action.

This the ____ day of May, 2025.

MARGARET VANLOON

By and through counsel of record:

---

Matthew S. Lott (MSB #100783)
The Lott Law Firm
3318 Pascagoula St.
P.O. Box 1708
Pascagoula, MS 39568
Ph. 228-215-2787
Fax: 228-284-1893
matt@mattlottlaw.com

EXHIBIT "A"

Case: 30CI1:25-cv-00084-KM   Document #: 3   Filed: 05/01/2025   Page 1 of 1

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

MARGARET VANLOON                                                    **PLAINTIFF**

VS.                                          CAUSE NO.: 25-84

WAL-MART STORES EAST, L.P.                                          **DEFENDANT**

### RULE 4 SUMMONS

STATE OF MISSISSIPPI
COUNTY OF JACKSON

TO: Wal-Mart Stores East, L.P. wherever found



### NOTICE TO DEFENDANT

THE PETITION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Petition to Matthew S. Lott, attorney for the Plaintiff, whose mailing address is P.O. Box 1708, Pascagoula, Mississippi 39568. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Petition or a judgment by default will be entered against you for the money or other things demanded in the Petition.

You must also file the original of your response with the Clerk of the Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the 1 day of May, A.D., 2025.

RANDY CARNEY
JACKSON COUNTY CIRCUIT CLERK,
3104 MAGNOLIA ST,
PASCAGOULA, MS 39567
BY: _____ D.C.

EXHIBIT "A"



**CT Corporation**
**Service of Process Notification**
05/05/2025
CT Log Number 549057262

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** Process Served in Mississippi

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Re: VANLOON MARGARET // To: Wal-Mart Stores East, LP |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Jackson County Circuit Court, MS<br>Case # 30CI125CV00084KM |
| NATURE OF ACTION: | Personal Injury - 07/18/2014, Wal-Mart Supercenter located in Ocean Springs, Mississippi |
| PROCESS SERVED ON: | C T Corporation System, Flowood, MS |
| DATE/METHOD OF SERVICE: | By Process Server on 05/05/2025 at 10:05 |
| JURISDICTION SERVED: | Mississippi |
| APPEARANCE OR ANSWER DUE: | Within 30 days from the date of delivery |
| ATTORNEY(S)/SENDER(S): | Matthew S. Lott<br>The Lott Law Firm<br>3318 Pascagoula St.<br>P.O. Box 1708<br>Pascagoula, MS 39568<br>228-215-2787 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/06/2025, Expected Purge Date: 05/16/2025<br><br>Image SOP |
| REGISTERED AGENT CONTACT: | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

Page 1 of  2

EXHIBIT "A"



**CT Corporation**
**Service of Process Notification**
05/05/2025
CT Log Number 549057262

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT "A"



## PROCESS SERVER DELIVERY DETAILS

Date: Mon, May 5, 2025
Server Name: Drop Service

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Case Number | 2584 |
| Jurisdiction | MS |

| Inserts |
|---|
| |



**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**

| | |
|---|---|
| MARGARET VANLOON, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 30CI1:25-CV-00084-KM |
| | * |
| WALMART STORES EAST, LP | * |
| | * |
| | * |
| | * |
| Defendants. | * |

## ANSWER

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

### I. PARTIES

1. Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency, but at this time, admits the same.

2. Wal-Mart Stores East, L.P. denies it is a foreign corporation, but admits it is a Delaware limited partnership with its principal place of business in Arkansas which may be served via its registered agent. Wal-Mart does business in various places in Mississippi, and operated the store in Ocean Springs, Mississippi, where this incident occurred.

## II. JURISDICTION AND VENUE

3.     Wal-Mart admits, at the present time, the Circuit Court of Jackson County has jurisdiction of this matter since this incident occurred in Jackson County, Mississippi. Wal-Mart denies that Plaintiff is entitled to any recovery in this matter.

4.     Wal-Mart admits, at the present time, venue is proper in the Circuit Court of Jackson County since this incident occurred in Jackson County, Mississippi. Wal-Mart denies that Plaintiff is entitled to any recovery in this matter.

## III. FACTUAL ALLEGATIONS

5.     Wal-Mart re-alleges and incorporates by reference the foregoing paragraphs the same as though fully repeated herein.

6.     Wal-Mart denies that Plaintiff, Margaret Vanloon, was on its premises on July 18, 2014, but admits Plaintiff was present at the Wal-Mart store located in Ocean Springs, Mississippi, on December 4, 2024.  Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence at Wal-Mart, or the allegations relating to the circumstances of how the incident occurred and, therefore, must deny the same and demand strict proof thereof.  Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

7.     Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

8.     Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's "assumptions" about its premises and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

9. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

10. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

11. Wal-Mart admits that Plaintiff has filed a lawsuit against Wal-Mart, and further states that Wal-Mart has no liability for the alleged incident. Wal-Mart denies that Plaintiff is entitled to any recovery in this matter, and denies the remaining allegations of this paragraph and demands strict proof thereof.

## IV. COUNT I.  NEGLIGENCE

12. Wal-Mart admits the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

13. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

14. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

15. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies it breached any duty owed to Plaintiff, and denies its conduct was the proximate cause of this incident or Plaintiff's alleged injuries. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

16.     Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

## V. DAMAGES

17.     Wal-Mart denies that its conduct constituted negligence, and denies its conduct was the direct and proximate cause or contributing cause of Plaintiff's injuries and damages and demands strict proof thereof. Walmart denies all allegations contained in subparts A. through H. and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

Wal-Mart denies the allegations of the unnumbered paragraph following paragraph 17 beginning "Wherefore, premises considered," and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIVE DEFENSES

1.      Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.      Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains.

3.      The alleged hazard about which Plaintiff complains was open and obvious, thereby obviating any duty and precluding Plaintiff from recovering damages under Mississippi law.

4.      Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Mississippi law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5.      No act or omissions of this Defendant was the proximate cause of any injury to Plaintiff.

6.      Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8. Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9. Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

10. Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this defendant.

11. Walmart denies that there was an unreasonably dangerous condition on its premises at all times pertinent herein.

12. Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted on June 4, 2025.

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:      (251) 433-7994

CERTIFICATE OF SERVICE

     I hereby certify that I have on this day June 4, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Matthew S. Lott
The Lott Law Firm
P.O. Box 1708
Pascagoula, MS 39568

                                            /s/ W. Pemble DeLashmet
                                            OF COUNSEL

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

| | |
|---|---|
| MARGARET VANLOON, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 30CI1:25-CV-00084-KM |
| | * |
| WALMART STORES EAST, LP | * |
| | * |
| | * |
| | * |
| Defendants. | * |

## NOTICE OF REMOVAL

TO:    Randy Carney, Circuit Clerk
JACKSON COUNTY-CIVIL DIVISION
3104 Magnolia St.
Pascagoula, MS  39567

There is hereby filed with you a copy of the Notice of Removal filed by Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart") through undersigned counsel, in the case styled "*Margaret Vanloon, Plaintiff v. Wal-Mart Stores East, L.P.*" Civil Action No. 30CI1:25-CV-00084-KM, and designed to remove that action to the United States District Court for the Southern District of Mississippi, Southern Division. This Notice of Removal was sent for filing in the United States District Court for the Southern District of Mississippi, Southern Division, on the 4th day of June, 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for plaintiff herein by service via U.S. mail on the 4th day of June, 2025 and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Jackson County,

Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

DATED this June 4, 2025.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET  (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND     (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

CERTIFICATE OF SERVICE

    I hereby certify that I have on this day June 4, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Matthew S. Lott
The Lott Law Firm
P.O. Box 1708
Pascagoula, MS 39568

EXHIBIT "A"

*/s/ W. Pemble DeLashmet*
OF COUNSEL